UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW ASHBY,<br><br>          Plaintiff,<br><br>v.<br><br>UNDERWRITERS AT LLOYD'S, LONDON and DOES 1-50,<br><br>          Defendants. | Civil No. 07-CV-0119 JLS (CAB)<br><br>**JOINT STIPULATION AND PROTECTIVE ORDER CONCERNING CONFIDENTIAL MATERIAL** |

WHEREAS, Plaintiff and Defendant (the "Parties") in the above-entitled action ("Action") recognize that certain information, although potentially relevant to this lawsuit, may be confidential; and

WHEREAS, the Parties agree that such information includes, but may not be limited to, copies of earnings histories, summaries thereof, medical records, and financial and other confidential or proprietary information relating to the Parties; and

WHEREAS, one of the purposes of this Protective Order is to protect the confidentiality of such information and documents; and

WHEREAS, third parties who are in possession of confidential information may be the subject of document and deposition discovery in this Action ("Third Parties"); and

1    WHEREAS, "Producing Party" as used hereinafter shall refer to any Party or Third Party that produces or intends to produce materials in connection with the Action; and

3    WHEREAS, "Receiving Party" as used hereinafter shall refer to any Party furnished with Litigation Materials, as defined below in Paragraph 1, in the Action; and

5    WHEREAS, the Federal Rules of Civil Procedure provide for the issuance of protective orders limiting the disclosure of certain information in appropriate circumstances; and

7    WHEREAS, the Parties have agreed to protect the confidentiality of such information in accordance with the following terms and conditions:

9    1.    Documents that contain non-public information may be designated as "Confidential" in the manner described below, so long as the materials concern the type of information described above or information for which the Producing Party believes in good faith it otherwise has a compelling need for confidentiality.  This includes, without limitation:  (a) documents, exhibits, answers to interrogatories, responses to requests for admissions and deposition transcriptions and all original written, recorded, graphic or electronic materials (and all identical and non-identical copies thereof), (b) any copies, notes abstracts or summaries of such information, and the information itself, or (c) any pleading, affidavit, declaration, brief, motion, transcript or other writing containing such information (subsections (a) to (c) collectively referred to herein as "Litigation Materials"), all of which may be designated as Confidential under this Protective Order, as appropriate.

20    2.    Any Producing Party may designate as Confidential any Litigation Materials at the time of production, disclosure, receipt, service, copying, filing, or signing, by stamping copies of the document with the word "Confidential" or as otherwise provided herein.

23    3 .    If any Party or Third Party uses Litigation Materials designated as Confidential, or elicits Confidential testimony during the course of a deposition in this Action, that portion of the deposition record reflecting such Confidential information shall be stamped as "Confidential" and access thereto shall be limited pursuant to the other terms of this Stipulated Protective Order. Counsel may invoke the provisions of this Protective Order by stating on the record during the deposition that the testimony given at the deposition is designated Confidential or by designating

the deposition transcript or portions thereof as Confidential before the time expires within which the witness may sign the deposition transcript. No person shall be present during portions of the depositions designated Confidential unless such person is authorized under the terms of this Order to receive designated Litigation Materials or unless the designating Producing Party consents to such person being present. All information disclosed during a deposition shall be deemed to have been designated Confidential until the time within which the witness may sign the transcript expires, whether or not any portion of the transcript has been so designated previously.

4. In exercising the right to designate any Litigation Materials Confidential, the Producing Party agrees to proceed in good faith. The Producing Party shall not designate any Litigation Materials as Confidential unless such Litigation Materials are of a private, confidential or proprietary nature deserving of such protection. Except as may be otherwise provided by this Order or by further order of the Court or further written agreement of the Parties, Litigation Materials designated as Confidential, as well as the matters contained therein, and extracts and summaries thereof containing Confidential information, shall be used for no purpose other than prosecuting, defending, or settling the claims raised in the instant Action.

5. Access to any Confidential Litigation Materials, or any part thereof, as well as to the matters contained therein, shall be limited to: (i) the Court, all Court personnel, any discovery referee or any settlement mediator; (ii) the Parties, including trustees, officers, directors, employees, agents, representatives and in-house counsel of the Parties for purposes of this litigation only; (iii) the attorneys and auditors for the Parties, their associates, assistants, and agents for purposes of this litigation only; (iv) consultants and experts involved in the preparation of this litigation for each party provided he or she executes the Agreement in Exhibit A; (v) court reporters, their transcribers, assistants and employees; (vi) authors, subjects, and original recipients of Confidential Records; (vii) witnesses in preparation for a deposition or at trial; and (viii) as otherwise required by law.

6. Any Receiving Party may object to the designation of Confidential by sending the designating Producing Party a letter by facsimile or e-mail setting forth the basis for such objections. The Producing Party must agree to meet and confer in a good faith attempt to resolve

1  the objections within ten business days from the date the letter is sent. Any objections not
2  resolved by the meet and confer shall be the subject of a regularly-noticed motion filed by the
3  objecting Party.

4      7. Individuals and entities, other than the Parties, their officers, directors, employees,
5  attorneys, agents and representatives, permitted access by the Parties' attorneys, pursuant to
6  paragraph 5 above, to Confidential Litigation Materials, or parts thereof, are hereby ordered not to
7  show, convey, communicate, or reproduce any such documents, or any parts thereof, or any
8  matters contained therein, or any extracts or summaries thereof, to any individual or entity who
9  would not otherwise have access to Confidential Litigation Materials under the provisions of this
10 Order.

11     8. Counsel for the Parties shall insure that any person otherwise eligible to receive
12 Confidential Litigation Materials under the terms of this Order, shall have access to such
13 Litigation Materials only after being informed of the provisions of this Order and only after
14 agreeing in writing to be bound by it by executing the Agreement in Exhibit A attached hereto or
15 agreeing to be bound by the terms of this Protective Order on the record at a deposition or hearing
16 in this Action. The provisions of this paragraph, however, shall not apply to the Court, Court
17 personnel, any discovery referee, any settlement mediator, court reporters and videographers and
18 copying, imaging and computer service employees.

19     9. Subject to public policy, and further court order, nothing shall be filed under seal,
20 and the Court shall not be required to take any action, without separate prior order by the Judge
21 before whom the hearing or proceeding will take place, after application by the affected party with
22 appropriate notice to opposing counsel. If the Court grants a party permission to file an item
23 under seal, a duplicate disclosing all non-confidential information shall be filed and made part of
24 the public record. The item may be redacted to eliminate confidential material from the document.
25 The document shall be titled to show that it corresponds to an item filed under seal, e.g.,
26 "Redacted Copy of Sealed Declaration of John Smith in Support of Motion for Summary
27 Judgment." The sealed and redacted documents shall be filed simultaneously.

28

1      10.   The execution of this Order, and the entry of a protective order pursuant hereto,
2 shall not, in itself:
3      a.   constitute a waiver of any Producing Party's right to seek at a future time relief
4 from the Court for an order restricting access to specific documents designated as Confidential to a
5 more limited group of individuals or entities than defined in paragraph 5 above, or the right to
6 seek broader disclosure than defined above, or granting access to specific documents designated as
7 Confidential to specific individuals; or
8      b.   constitute a waiver of any objection to any discovery request; or
9      c.   be construed as an admission or agreement that any document designated as
10 Confidential, in fact, is confidential, or comprises a trade secret, or otherwise is entitled to any
11 protective relief whatsoever; or
12      d.   control the disclosure of Confidential information at trial (a matter which the
13 Parties will resolve, if necessary, through a pre-trial order).
14      11.   Where the designation of any Litigation Material as Confidential is subject to
15 challenge by a Receiving Party, that Litigation Material shall be treated as Confidential pending
16 resolution of the dispute by this Court.
17      12.   Nothing herein shall impose any restrictions on the use or disclosure by a Party of
18 material obtained by such Party independent of this Action, whether or not such material is also
19 obtained through discovery in this action, or from disclosing its own confidential material as it
20 deems appropriate.
21      13.   At the conclusion of litigation between the Parties, including the exhaustion of the
22 appellate rights of any Party, within thirty (30) days after receipt of a request by any Producing
23 Party, Litigation Materials disclosed and designated as Confidential by that Producing Party in this
24 Action, whether or not filed, or identified as an exhibit in the proceeding, including all copies,
25 shall be returned to the requesting Producing Party or shall be destroyed and a written itemization
26 of the destroyed Litigation Materials provided to the requesting Producing Party.
27      14.   This Order shall be without prejudice to the right of any Producing Party (i) to
28 bring before the Court at any time the question of whether any particular document or information

1  is confidential or whether its use should be restricted or (ii) to present a motion to the Court under

2  Fed. R. Civ. Proc. 26(c) for a separate protective order as to any particular document or

3  information, including restrictions differing from those as specified herein.  This Order shall not

4  be deemed to prejudice the Parties in any future application for modification of this Order.

5        15 .   If any Party receiving documents pursuant to this Stipulated Protective Order (a) is

6  subpoenaed in another action, or (b) is served with a demand in another action to which he or it is

7  a party, or (c) is served with any other legal process by one not a Party to this Action, seeking

8  Confidential Litigation Materials, that Party shall give written notice, by hand, e-mail or facsimile

9  transmission within three business days after receipt of such subpoena, demand or legal process, to

10 the Producing Party who designated the Confidential materials.  The Party shall not produce any

11 of the other Producing Party's Confidential Litigation Materials, unless otherwise Court-ordered,

12 if the Producing Party who designated the documents files with a Court of competent jurisdiction a

13 motion or other application to prevent compliance with the subpoena, demand or other legal

14 process.  The Producing Party who designated the Litigation Materials Confidential shall be solely

15 responsible for seeking relief with respect to the requested production.  Nothing herein shall be

16 construed as requiring the Party who received the subpoena, demand or other legal process or

17 anyone else covered by this Stipulated Protective Order to challenge or appeal any order requiring

18 production of the Confidential Litigation Materials covered by this Stipulated Protective Order or

19 to subject itself to any penalties for non-compliance with any legal process or order, or to seek

20 relief from this Court or any other Court.  The designating Producing Party seeking the motion

21 must file within 5 business days of receiving notice or be barred from further objection.

22       16 .   If information subject to attorney-client privilege, attorney work product or any

23 other applicable privilege or immunity from discovery is nevertheless inadvertently produced,

24 such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to,

25 any claim of privilege, work product or other ground for withholding production to which the

26 Producing Party would otherwise be entitled.  If a claim of inadvertent production is made

27 pursuant to this paragraph with respect to information then in the custody of another Party, such

28 Receiving Party shall promptly return to the claiming Producing Party that material as to which

1  the claim of inadvertent production has been made, and the Receiving Party shall not use such
2  information for any purpose other than in connection with an application or other motion to the
3  Court for production of the returned material.  The Producing Party raising the inadvertent
4  disclosure defense shall give notice thereof within 30 days of the date of the disclosure or be
5  barred from further objection to the use of the information.

6        17.  Any Third Party that produces documents or provides testimony in the Action,
7  either voluntarily or by compulsory process, shall have the full benefits and protections of this
8  Protective Order and may designate documents or deposition testimony as Confidential Litigation
9  materials in the manner, and subject to the same protections, set forth above.  Further, the Parties
10 can designate any documents or testimony produced by a Third Party as Confidential within 30
11 days of the production or testimony by the Third Party, and in the interim, the documents or
12 testimony by the Third Party shall be deemed Confidential.  Nothing in this Order shall be
13 construed to allow any Third Party to obtain access to any Confidential materials produced by any
14 Party or other Third Party.

16 DATED:  May  21, 2008         LUCE, FORWARD, HAMILTON & SCRIPPS LLP

18                                                        By:   /s/Edward Patrick Swan, Jr.
                                                                  Attorneys for Plaintiff ANDREW ASHBY

20 DATED:  May  21, 2008         ALLEN, MATKINS, LECK, GAMBLE MALLORY &
21                                                        NATSIS LLP

23                                                        By:   /s/ Michael J. Holmes
24                                                                  Attorneys for Defendant UNDERWRITERS AT
                                                                  LLOYD'S, LONDON

## **ORDER**

Pursuant to stipulation of the parties for entry of the protective order to protect confidential information, IT IS SO ORDERED.

IT IS FURTHER ORDERED, subject to public policy and further court order, nothing shall be filed under seal, and the court shall not be required to take any action, without separate prior order by the Judge before whom the hearing or proceeding will take place, after application by the affected party with appropriate notice to opposing counsel.

Dated: May 22, 2008

_____
**CATHY ANN BENCIVENGO**
United States Magistrate Judge

# **EXHIBIT A**

I, _____, declare and state as follows:

1. I have read and been provided with a copy of the Joint Motion Regarding Stipulation And [Proposed] Protective Order Concerning Confidential Material ("Protective Order") and I understand the requirements of the Protective Order and agree to be bound by its terms.

2. I understand that the documents which are disclosed or provided to me pursuant to the Protective Order are confidential, and I further understand and agree that I may not use such documents for any purpose other than the analysis and evaluation of information produced in the above-captioned action, and that I may not divulge any copies or the identity or substance of any of the documents disclosed to me.

3. I further understand and agree that I must return all documents disclosed pursuant to this Protective Order and all copies thereof to counsel for the providing party after my review of the documents is complete.

Dated: 

_____
[Name]